UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALEXANDRA LAUREN DOLL, | |
| Plaintiff, | CIVIL COMPLAINT |
| v. | |
| RANGE CREDIT BUREAU, INC. d/b/a RCB COLLECTIONS, | CASE NO. 3:22-cv-00219 |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes ALEXANDRA LAUREN DOLL ("Plaintiff"), by and through the undersigned, complaining as to the conduct of RANGE CREDIT BUREAU, INC. d/b/a RCB COLLECTIONS as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 427.101 et seq. for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Wisconsin.

1

4. Joinder of Plaintiff's claims against Defendants is proper pursuant to Fed. R. Civ. P. 20(a)(2) as the conduct arises out of a the same transaction, occurrence, or series of transactions and occurrences and common questions of law and fact will arise.

### PARTIES

5. Plaintiff is a consumer over 18 years of age residing in Superior, Wisconsin.

6. Defendant is a third party debt collector that prides itself for "100 years of successfully collecting and prevent bad debts."[1] Defendant is a company organized under the laws of the state of Minnesota with its principal place of business located at 310 East Howard Street, Hibbing, MN 55746.

7. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of the nature of Defendant's attempts to collect on a consumer debt ("subject debt") allegedly owed by Plaintiff.

9. The subject debt stems from purportedly defaulted obligations Plaintiff is said to owe in connection with a prior apartment lease.

10. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off by the original creditor and placed with Defendant for collection purposes.

11. Eventually, Defendant reduced the subject debt to judgment through a default judgment entered against Plaintiff.

---

[1] https://www.rcbcollections.com/about/

12. In approximately early 2022, Defendant began attempting to collect upon the subject debt through various post-judgment remedies, including attempted wage garnishments.

13. In connection therewith, Defendant served a writ of garnishment on a A-1 Landscaping, LLC ("A-1") seeking to garnish Plaintiff's wages.

14. However, Plaintiff does not work for A-1, has never worked for A-1, nor would there be any information available reasonably suggesting that Plaintiff ever worked for A-1.

15. Instead, A-1 is a business that is owned by Plaintiff's friend.

16. Upon information and belief, Defendant scoured Plaintiff's social media profiles and decided to serve the writ upon A-1 after seeing that Plaintiff posted about this business.

17. Upon information and belief, Defendant knew, or had reason to know, that Plaintiff did not work for A-1, but nevertheless served the write of garnishment upon A-1 knowing that it was Plaintiff's friend's business, and that communicating with Plaintiff's friend about the debt would increase pressure on Plaintiff to make arrangements with Defendant.

18. Plaintiff's friend, after learning confidential information regarding the subject debt as a result of the garnishment related correspondence sent to A-1 by Defendant, contacted Plaintiff to inform her of the writ and to see what was going on.

19. Plaintiff was distressed, embarrassed, and mortified that her friend found out about her financial troubles as a result of Defendant's completely unnecessary communication with third parties regarding the subject debt.

20. Defendant had absolutely no legal basis for sending correspondence related to the subject debt and the garnishment entered against Plaintiff.

21. Defendant's serving of the garnishment on A-1 was not reasonably necessary to effectuate a postjudgment remedy. Instead, it was consciously designed to disclose Plaintiff's sensitive

information to third parties, hoping such disclosure of sensitive information would compel Plaintiff's payment, lest she be subjected to further third party disclosures.

22. Frustrated, distressed, concerned, aggravated, and embarrassed as a result of Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, resulting in the expenditure of time and incurrence of resources.

23. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to emotional distress, embarrassment, disclosure of sensitive andpersonal financial information to third parties, invasion of privacy, and numerous violations of Plaintiff's state and federally protected interests to be free from harassing, deceptive, misleading, and unfair debt collection conduct.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector[s]" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts originally owed to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692c(b)**

28. The FDCPA, pursuant to § 1692(c)(b), "without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency . . . the attorney of the creditor, or the attorney of the debt collector."

29. Defendant violated 15 U.S.C. § 1692c (b), through the writ of garnishment sent to A-1 in relation to the subject debt. Such communication disclosed to A-1 confidential information regarding the subject debt. Defendant lacked consent to communicate with A-1 in that manner, underscoring Defendant's violation of the FDCPA prohibitions on contacting third parties. Furthermore, Plaintiff is not a current or former employee of A-1 Landscaping, and Defendant had no reasonable basis for sending any garnishment paperwork to A-1.

    b. **Violations of FDCPA § 1692d**

30. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

31. Defendants violated § 1692d through the sending correspondence to A-1 regarding the garnishment it obtained against Plaintiff. Plaintiff has never been an employee of A-1 in the past nor is currently employed with them. Defendant has no legal basis for sending any correspondence to A-1 in relation to the subject debt nor the garnishment it obtained against Plaintiff. Upon information and belief, Defendant's communication directed to A-1 was consciously designed to harass Plaintiff into submission by revealing sensitive information to third parties who would in turn add increased pressure on Plaintiff to address the subject debt. Any reasonable consumer would feel that Defendant engaged in this sort of behavior to harass, embarrass and oppress Plaintiff.

    c. **Violations of FDCPA § 1692f**

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." § 1692f (1) further prohibits

"[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

33. Defendants violated §1692f when they unfairly communicated with A-1 in relation to the judgment it obtained against Plaintiff.

WHEREFORE, Plaintiff ALEXANDRA LAUREN DOLL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendants from further contacting Plaintiff or her family members; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE WISCONSIN CONSUMER ACT- DEBT COLLECTION

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. The WCA, Wis. Stat. § 427.101 *et seq.*, regulates debt collection in the State of Wisconsin.

36. The subject debt is a "claim" as defined by Wis. Stat. § 427.103(1).

37. At all relevant times, Defendants were engaged in "debt collection" as defined by Wis. Stat. § 427.103(2).

38. Defendant is a "debt collector" as defined by Wis. Stat. § 427.103(3), as it is engaging, directly and/or indirectly, in debt collection.

    a. **Wis. Stat. § 427.104(1) ( c)**

39. Wis. Stat. § 427.104(1)(c) prohibits a debt collector from " disclose and or threaten to disclose to a person other than the customer or the customer's spouse information affecting the customer's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information, but this paragraph does not prohibit the disclosure to another person of information permitted to be disclosed to that person by statute."

Defendant violated Wis. Stat. § 427.104(1)(c) by sending correspondence to A-1 in relation to the judgment it obtained against Plaintiff. Plaintiff is not currently nor has been previously employed by A- and , therefore, Defendant had absolutely no legal basis to send correspondence to A-1. Defendant's conduct resulted in Plaintiff's friend learning confidential information about the subject debt which adversely affected Plaintiff's reputation.

    b.    **Wis. Stat. § 427.104(1) (h)**

40. Wis. Stat. § 427.104(1) (h) prohibits a debt collector from "engag[ing] in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

41. As outlined above, Defendant violated Wis. Stat. § 427.104(1)(h) in much the same way it violated 15 U.S.C. § 1692d

WHEREFORE, Plaintiff, ALEXANDRA LAUREN DOLL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.  Entitling Plaintiff to actual damages and damages for emotional distress pursuant to Wis. Stat. § 427.105(1);

    c.  Awarding Plaintiff costs and reasonable attorney fees; and

      d.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 20, 2022                              Respectfully submitted,

                                                                        s/ Nathan C. Volheim  
                                                                        Nathan C. Volheim, Esq. #6302103  
                                                                        Counsel for Plaintiff  
                                                                        Admitted in the Western District of Wisconsin  
                                                                        Sulaiman Law Group, Ltd.  
                                                                        2500 South Highland Ave., Suite 200  
                                                                        Lombard, Illinois 60148  
                                                                        (630) 568-3056 (phone)  
                                                                        (630) 575-8188 (fax)  
                                                                        nvolheim@sulaimanlaw.com